Opinion of the Court, by
Nevics, J.
The defendant Huntsman appeared, and bv his plea insists, that the State ought not to proceed against him upon this recognizance; because he says, that after taking the same and before the issuing of this Scire Facias, the said MeNeal, in said recognizance mentioned, on the 25th day of June, 1839, died, and therefore he prays judgment &c.
To this plea there is a demurrer and joinder.
The plea is no answer to the scire facias, and the demurrer is well taken, for as appears by the case presented, the bail had be *334 come fixed by the default of the principal, before his death. After bail are fixed de jure, they take the risk of the death of .the principal. : 4 J. It. 407.
But the death of the principal, being admitted by these pleadings, an application is now made in behalf of the defendants, to this court, for relief, and it is contended, that this court has the legal power to grant such relief, and that this is a proper case for its exercise.
If such a power is vested in this court, it is either by virtue of the “ ordinance respecting the Supreme Court,” made in 1751; or it is a power incident to its constitution and jurisdiction. The language of the ordinance is, that “the Supreme Court may hear, try and determine all pleas civil, criminal and mixed, and all.other actions and suits in law and equity, as fully and amply and to all intents and purposes whatsoever, as all or any of the courts of King’s Bench, Common Pleas or Exchequer, have or of right ought to have.”
The first inquiry therefore is, whether the court of Exchequer had power to relieve bail in criminal cases, after they had become fixed by the death of their principal ? At common law, where the recognizance had become forfeited, and was sent to the Exchequer, the party became an absolute debtor to the crown, but by statute, that court wás then empowered to discharge any person, on petition, whom it thought a fit subject for favor. Chitty C. L. 92. I cannot well conceive of a more suitable case for the exercise of that authority, than a case like this, where the principal died in a foreign state, within a few days after the time stipulated for his appearance, rendering it highly probable that sickness preceding death, prevented a compliance with the condition of his recognizance, and putting it out of the power of his bail to surrender him. Such a case presents as strong an appeal for relief, as can well be imagined. I can therefore, entertain no doubt but that the court of Exchequer would in such case, consider the bail as a fit subject for favor, and would grant the relief sought.
But if the court of Exchequer has such power, will it follow that this court by virtue of the ordinance of 1751, has like power ? It may hear and determine all pleas, civil, criminal and mixed, and all action's and suits in law and equity, as that court *335 may do. I am not clear, that this power is embraced in the terms of the ordinance, or whether the summary proceeding by petition, can be strictly denominated a plea, action or suit, and am therefore unwilling to claim the exercise of such power under that ordinance.
But I apprehend that this court may, by virtue of its incidental powers, appertaining to its constitution and jurisdiction, grant relief to bail, on petition, when public justice does not; restrain it from doing-so, and where the default of the principal was occasioned by sickness or death. The Supreme Court of Now York have often granted relief to bail in civil cases. In Buckley, Assignee v. Cotton, 1 J. R. 515, the court declared they could see no reason, why the bail should not be relieved after the death of the principal, in the same manner as if he were alive. And in Lofflin v. Fowler, 18 J. R. 335, the court said, “ the defendant had been taken out of the power of his bail, by judgment of law, [having been imprisoned for 13 years] that he is in this respect —as if he were dead and ordered an exoneretur to be entered.
Ill our own court, bail in a criminal case, were relieved after forfeiture of the recognizance, where the defendant afterwards appeared, and was tried and acquitted. 3 Hal. 177. All these cases show, that where the court has jurisdiction of the case in which such application is made, it may by virtue of its incidental powers, grant relief where justice to the bail would seem to demand it, and public justice or policy does not prohibit it. I think the bail have presented a proper case for the interference of the court by exercising this power, and that they should be discharged from their recognizance, on the payment of the costs incurred in the prosecution of it.
Hoknblower, C. J. was of opinion that this court has also power to grant relief, by virtue of the ordinance of 1751.

Demurrer sustained, and the bail discharged from their recognizance, on payment of costs.